**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

NORTHERN DISTRICT OF ILLINOIS

Case number *(if known)* _____

Chapter you are filing under:

■ Chapter 7
☐ Chapter 11
☐ Chapter 12
☐ Chapter 13

☐ Check if this an amended filing

Official Form 101

# Voluntary Petition for Individuals Filing for Bankruptcy

12/17

The bankruptcy forms use you and Debtor 1 to refer to a debtor filing alone. A married couple may file a bankruptcy case together—called a *joint case*—and in joint cases, these forms use you to ask for information from both debtors. For example, if a form asks, "Do you own a car," the answer would be yes if either debtor owns a car. When information is needed about the spouses separately, the form uses *Debtor 1* and *Debtor 2* to distinguish between them. In joint cases, one of the spouses must report information as *Debtor 1* and the other as *Debtor 2*. The same person must be *Debtor 1* in all of the forms.

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

| Part 1: | Identify Yourself |
| --- | --- |

|  |  | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
| --- | --- | --- | --- |
| 1. | **Your full name** Write the name that is on your government-issued picture identification (for example, your driver's license or  passport). Bring your picture identification to your meeting with the trustee. | **Lauren** First name **A.** Middle name **Wilhoite** Last name and Suffix (Sr., Jr., II, III) | First name Middle name Last name and Suffix (Sr., Jr., II, III) |
| 2. | **All other names you have used in the last 8 years** Include your married or maiden names. | | |
| 3. | **Only the last 4 digits of your Social Security number or federal Individual Taxpayer Identification number (ITIN)** | xxx-xx-7839 | |

Debtor 1    **Lauren A. Wilhoite**                                                                    Case number *(if known)*

|  | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
|---|---|---|
| **4. Any business names and Employer Identification Numbers (EIN) you have used in the last 8 years**<br><br>Include trade names and *doing business as* names | ■ I have not used any business name or EINs.<br><br><br>Business name(s)<br><br><br>EINs | ☐ I have not used any business name or EINs.<br><br><br>Business name(s)<br><br><br>EINs |
| **5. Where you live** | **380 West 16th Street**<br>**Unit 1**<br>**Chicago Heights, IL 60411**<br>Number, Street, City, State & ZIP Code<br><br>**Cook**<br>County<br><br>**If your mailing address is different from the one above, fill it in here.** Note that the court will send any notices to you at this mailing address.<br><br><br>Number, P.O. Box, Street, City, State & ZIP Code | **If Debtor 2 lives at a different address:**<br><br><br><br>Number, Street, City, State & ZIP Code<br><br><br>County<br><br>**If Debtor 2's mailing address is different from yours, fill it in here.** Note that the court will send any notices to this mailing address.<br><br><br>Number, P.O. Box, Street, City, State & ZIP Code |
| **6. Why you are choosing *this district* to file for bankruptcy** | *Check one:*<br><br>■ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.<br><br>☐ I have another reason.<br>Explain. (See 28 U.S.C. § 1408.) | *Check one:*<br><br>☐ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.<br><br>☐ I have another reason.<br>Explain. (See 28 U.S.C. § 1408.) |

Debtor 1   **Lauren A. Wilhoite**                                                                Case number *(if known)*

| **Part 2:** | **Tell the Court About Your Bankruptcy Case** |
|---|---|

**7.** **The chapter of the Bankruptcy Code you are choosing to file under**

*Check one.* (For a brief description of each, see *Notice Required by 11 U.S.C. § 342(b) for Individuals Filing for Bankruptcy (Form 2010)).* Also, go to the top of page 1 and check the appropriate box.

- ■ Chapter 7
- ☐ Chapter 11
- ☐ Chapter 12
- ☐ Chapter 13

---

**8.** **How you will pay the fee**

- ■ **I will pay the entire fee when I file my petition.** Please check with the clerk's office in your local court for more details about how you may pay. Typically, if you are paying the fee yourself, you may pay with cash, cashier's check, or money order. If your attorney is submitting your payment on your behalf, your attorney may pay with a credit card or check with a pre-printed address.

- ☐ **I need to pay the fee in installments.** If you choose this option, sign and attach the *Application for Individuals to Pay The Filing Fee in Installments* (Official Form 103A).

- ☐ **I request that my fee be waived** (You may request this option only if you are filing for Chapter 7. By law, a judge may, but is not required to, waive your fee, and may do so only if your income is less than 150% of the official poverty line that applies to your family size and you are unable to pay the fee in installments). If you choose this option, you must fill out the *Application to Have the Chapter 7 Filing Fee Waived* (Official Form 103B) and file it with your petition.

---

**9.** **Have you filed for bankruptcy within the last 8 years?**

- ■ No.
- ☐ Yes.

| District _____ | When _____ | Case number _____ |
|---|---|---|
| District _____ | When _____ | Case number _____ |
| District _____ | When _____ | Case number _____ |

---

**10.** **Are any bankruptcy cases pending or being filed by a spouse who is not filing this case with you, or by a business partner, or by an affiliate?**

- ■ No
- ☐ Yes.

| Debtor _____ | | Relationship to you _____ |
|---|---|---|
| District _____ | When _____ | Case number, if known _____ |
| Debtor _____ | | Relationship to you _____ |
| District _____ | When _____ | Case number, if known _____ |

---

**11.** **Do you rent your residence?**

- ☐ No.   Go to line 12.
- ■ Yes.   Has your landlord obtained an eviction judgment against you?

  - ■ No. Go to line 12.

  - ☐ Yes. Fill out *Initial Statement About an Eviction Judgment Against You* (Form 101A) and file it with this bankruptcy petition.

---

Debtor 1   **Lauren A. Wilhoite**                                                                Case number *(if known)*

---

| **Part 3:** | **Report About Any Businesses You Own as a Sole Proprietor** |
|---|---|

**12.** **Are you a sole proprietor of any full- or part-time business?**

A sole proprietorship is a business you operate as an individual, and is not a separate legal entity such as a corporation, partnership, or LLC.

If you have more than one sole proprietorship, use a separate sheet and attach it to this petition.

■ No.   Go to Part 4.

☐ Yes.   Name and location of business

_____
Name of business, if any

_____

_____
Number, Street, City, State & ZIP Code

*Check the appropriate box to describe your business:*

☐   Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐   Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐   Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐   Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐   None of the above

---

**13.** **Are you filing under Chapter 11 of the Bankruptcy Code and are you a *small business debtor*?**

For a definition of *small business debtor*, see 11 U.S.C. § 101(51D).

*If you are filing under Chapter 11, the court must know whether you are a small business debtor so that it can set appropriate deadlines.* If you indicate that you are a small business debtor, you must attach your most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. 1116(1)(B).

■ No.   I am not filing under Chapter 11.

☐ No.   I am filing under Chapter 11, but I am NOT a small business debtor according to the definition in the Bankruptcy Code.

☐ Yes.   I am filing under Chapter 11 and I am a small business debtor according to the definition in the Bankruptcy Code.

---

| **Part 4:** | **Report if You Own or Have Any Hazardous Property or Any Property That Needs Immediate Attention** |
|---|---|

**14.** **Do you own or have any property that poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety? Or do you own any property that needs immediate attention?**

*For example, do you own perishable goods, or livestock that must be fed, or a building that needs urgent repairs?*

■ No.

☐ Yes.   What is the hazard?   _____

_____

If immediate attention is needed, why is it needed?   _____

_____

Where is the property?   _____

_____
Number, Street, City, State & Zip Code

---

Debtor 1    **Lauren A. Wilhoite**                                                    Case number *(if known)*

| Part 5: | Explain Your Efforts to Receive a Briefing About Credit Counseling |
|---|---|

|  | **About Debtor 1:** | **About Debtor 2 (Spouse Only in a Joint Case):** |
|---|---|---|

**15. Tell the court whether you have received a briefing about credit counseling.**

The law requires that you receive a briefing about credit counseling before you file for bankruptcy. You must truthfully check one of the following choices. If you cannot do so, you are not eligible to file.

If you file anyway, the court can dismiss your case, you will lose whatever filing fee you paid, and your creditors can begin collection activities again.

*You must check one:*

☑ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.**

Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.**

Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.

☐ **I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.**

To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.

Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy. If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.

Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.

☐ **I am not required to receive a briefing about credit counseling because of:**

☐ **Incapacity.**
I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.

☐ **Disability.**
My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.

☐ **Active duty.**
I am currently on active military duty in a military combat zone.

If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver credit counseling with the court.

*You must check one:*

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.**

Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.**

Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.

☐ **I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.**

To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.

Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy.

If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.

Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.

☐ **I am not required to receive a briefing about credit counseling because of:**

☐ **Incapacity.**
I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.

☐ **Disability.**
My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.

☐ **Active duty.**
I am currently on active military duty in a military combat zone.

If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver of credit counseling with the court.

Debtor 1   **Lauren A. Wilhoite**                                   Case number *(if known)*

| Part 6: | Answer These Questions for Reporting Purposes |
|---------|------------------------------------------------|

**16. What kind of debts do you have?**

16a. **Are your debts primarily consumer debts?** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

☐ No. Go to line 16b.

■ Yes. Go to line 17.

16b. **Are your debts primarily business debts?** *Business debts* are debts that you incurred to obtain money for a business or investment or through the operation of the business or investment.

☐ No. Go to line 16c.

☐ Yes. Go to line 17.

16c. State the type of debts you owe that are not consumer debts or business debts

**17. Are you filing under Chapter 7?**

☐ No.   I am not filing under Chapter 7. Go to line 18.

**Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available for distribution to unsecured creditors?**

■ Yes.   I am filing under Chapter 7. Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available to distribute to unsecured creditors?

■ No

☐ Yes

**18. How many Creditors do you estimate that you owe?**

| | | |
|---|---|---|
| ■ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than100,000 |
| ☐ 200-999 | | |

**19. How much do you estimate your assets to be worth?**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

**20. How much do you estimate your liabilities to be?**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ■ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

| Part 7: | Sign Below |
|---------|------------|

**For you**

I have examined this petition, and I declare under penalty of perjury that the information provided is true and correct.

If I have chosen to file under Chapter 7, I am aware that I may proceed, if eligible, under Chapter 7, 11,12, or 13 of title 11, United States Code. I understand the relief available under each chapter, and I choose to proceed under Chapter 7.

If no attorney represents me and I did not pay or agree to pay someone who is not an attorney to help me fill out this document, I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I understand making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**/s/ Lauren A. Wilhoite**

**Lauren A. Wilhoite**                                        Signature of Debtor 2
Signature of Debtor 1

Executed on   **April 27, 2018**                             Executed on _____
              MM / DD / YYYY                                              MM / DD / YYYY

Debtor 1    **Lauren A. Wilhoite**                                                                                   Case number *(if known)*

---

| **For your attorney, if you are represented by one** | I, the attorney for the debtor(s) named in this petition, declare that I have informed the debtor(s) about eligibility to proceed under Chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each chapter for which the person is eligible. I also certify that I have delivered to the debtor(s) the notice required by 11 U.S.C. § 342(b) and, in a case in which § 707(b)(4)(D) applies, certify that I have no knowledge after an inquiry that the information in the schedules filed with the petition is incorrect. |
|---|---|

**If you are not represented by an attorney, you do not need to file this page.**

**/s/ Raffy A. Kaplan**                                                    Date    **April 27, 2018**

Signature of Attorney for Debtor                                                   MM / DD / YYYY

**Raffy A. Kaplan 6275234**

Printed name

**Kaplan Bankruptcy Firm, LLC**

Firm name

**25 East Washington St**
**Suite 1501**
**Chicago, IL 60602**

Number, Street, City, State & ZIP Code

Contact phone    **(312) 294-8989**                         Email address    **rkaplan@financialrelief.com**

**6275234 IL**

Bar number & State

---

# Notice Required by 11 U.S.C. § 342(b) for Individuals Filing for Bankruptcy (Form 2010)

**This notice is for you if:**

**You are an individual filing for bankruptcy,** and

**Your debts are primarily consumer debts.** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

**The types of bankruptcy that are available to individuals**

Individuals who meet the qualifications may file under one of four different chapters of Bankruptcy Code:

Chapter 7 - Liquidation

Chapter 11 - Reorganization

Chapter 12 - Voluntary repayment plan for family farmers or fishermen

Chapter 13 - Voluntary repayment plan for individuals with regular income

**You should have an attorney review your decision to file for bankruptcy and the choice of chapter.**

| Chapter 7: | | Liquidation |
|---|---|---|
| | $245 | filing fee |
| | $75 | administrative fee |
| + | $15 | trustee surcharge |
| | $335 | total fee |

Chapter 7 is for individuals who have financial difficulty preventing them from paying their debts and who are willing to allow their nonexempt property to be used to pay their creditors. The primary purpose of filing under chapter 7 is to have your debts discharged. The bankruptcy discharge relieves you after bankruptcy from having to pay many of your pre-bankruptcy debts. Exceptions exist for particular debts, and liens on property may still be enforced after discharge. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

However, if the court finds that you have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge.

You should know that even if you file chapter 7 and you receive a discharge, some debts are not discharged under the law. Therefore, you may still be responsible to pay:

most taxes;

most student loans;

domestic support and property settlement obligations;

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                                                      Best Case Bankruptcy

most fines, penalties, forfeitures, and criminal restitution obligations; and

certain debts that are not listed in your bankruptcy papers.

You may also be required to pay debts arising from:

fraud or theft;

fraud or defalcation while acting in breach of fiduciary capacity;

intentional injuries that you inflicted; and

death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs.

If your debts are primarily consumer debts, the court can dismiss your chapter 7 case if it finds that you have enough income to repay creditors a certain amount. You must file *Chapter 7 Statement of Your Current Monthly Income* (Official Form 122A–1) if you are an individual filing for bankruptcy under chapter 7. This form will determine your current monthly income and compare whether your income is more than the median income that applies in your state.

If your income is not above the median for your state, you will not have to complete the other chapter 7 form, the *Chapter 7 Means Test Calculation* (Official Form 122A–2).

If your income is above the median for your state, you must file a second form —the *Chapter 7 Means Test Calculation* (Official Form 122A–2). The calculations on the form— sometimes called the *Means Test*—deduct from your income living expenses and payments on certain debts to determine any amount available to pay unsecured creditors. If

your income is more than the median income for your state of residence and family size, depending on the results of the *Means Test*, the U.S. trustee, bankruptcy administrator, or creditors can file a motion to dismiss your case under § 707(b) of the Bankruptcy Code. If a motion is filed, the court will decide if your case should be dismissed. To avoid dismissal, you may choose to proceed under another chapter of the Bankruptcy Code.

If you are an individual filing for chapter 7 bankruptcy, the trustee may sell your property to pay your debts, subject to your right to exempt the property or a portion of the proceeds from the sale of the property. The property, and the proceeds from property that your bankruptcy trustee sells or liquidates that you are entitled to, is called *exempt property*. Exemptions may enable you to keep your home, a car, clothing, and household items or to receive some of the proceeds if the property is sold.

Exemptions are not automatic. To exempt property, you must list it on *Schedule C: The Property You Claim as Exempt* (Official Form 106C). If you do not list the property, the trustee may sell it and pay all of the proceeds to your creditors.

## Chapter 11: Reorganization

|   | $1,167 | filing fee |
|---|---|---|
| + | $550 | administrative fee |
|   | $1,717 | total fee |

Chapter 11 is often used for reorganizing a business, but is also available to individuals. The provisions of chapter 11 are too complicated to summarize briefly.

**Read These Important Warnings**

Because bankruptcy can have serious long-term financial and legal consequences, including loss of your property, you should hire an attorney and carefully consider all of your options before you file. Only an attorney can give you legal advice about what can happen as a result of filing for bankruptcy and what your options are. If you do file for bankruptcy, an attorney can help you fill out the forms properly and protect you, your family, your home, and your possessions.

Although the law allows you to represent yourself in bankruptcy court, you should understand that many people find it difficult to represent themselves successfully. The rules are technical, and a mistake or inaction may harm you. If you file without an attorney, you are still responsible for knowing and following all of the legal requirements.

You should not file for bankruptcy if you are not eligible to file or if you do not intend to file the necessary documents.

Bankruptcy fraud is a serious crime; you could be fined and imprisoned if you commit fraud in your bankruptcy case. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Chapter 12: Repayment plan for family farmers or fishermen

|   | $200 | filing fee |
|---|------|------------|
| + | $75 | administrative fee |
|   | $275 | total fee |

Similar to chapter 13, chapter 12 permits family farmers and fishermen to repay their debts over a period of time using future earnings and to discharge some debts that are not paid.

### Chapter 13: Repayment plan for individuals with regular income

|   | $235 | filing fee |
|---|------|------------|
| + | $75 | administrative fee |
|   | $310 | total fee |

Chapter 13 is for individuals who have regular income and would like to pay all or part of their debts in installments over a period of time and to discharge some debts that are not paid. You are eligible for chapter 13 only if your debts are not more than certain dollar amounts set forth in 11 U.S.C. § 109.

Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, usually using your future earnings. If the court approves your plan, the court will allow you to repay your debts, as adjusted by the plan, within 3 years or 5 years, depending on your income and other factors.

After you make all the payments under your plan, many of your debts are discharged. The debts that are not discharged and that you may still be responsible to pay include:

    domestic support obligations,

    most student loans,

    certain taxes,

    debts for fraud or theft,

    debts for fraud or defalcation while acting in a fiduciary capacity,

    most criminal fines and restitution obligations,

    certain debts that are not listed in your bankruptcy papers,

    certain debts for acts that caused death or personal injury, and

    certain long-term secured debts.

**Warning: File Your Forms on Time**

Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information about your creditors, assets, liabilities, income, expenses and general financial condition. The court may dismiss your bankruptcy case if you do not file this information within the deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court.

For more information about the documents and their deadlines, go to:
http://www.uscourts.gov/bkforms/bankruptcy_forms.html#procedure.

**Bankruptcy crimes have serious consequences**

If you knowingly and fraudulently conceal assets or make a false oath or statement under penalty of perjury—either orally or in writing—in connection with a bankruptcy case, you may be fined, imprisoned, or both.

All information you supply in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the U.S. Trustee, the Office of the U.S. Attorney, and other offices and employees of the U.S. Department of Justice.

**Make sure the court has your mailing address**

The bankruptcy court sends notices to the mailing address you list on *Voluntary Petition for Individuals Filing for Bankruptcy* (Official Form 101). To ensure that you receive information about your case, Bankruptcy Rule 4002 requires that you notify the court of any changes in your address.

A married couple may file a bankruptcy case together—called a *joint case.* If you file a joint case and each spouse lists the same mailing address on the bankruptcy petition, the bankruptcy court generally will mail you and your spouse one copy of each notice, unless you file a statement with the court asking that each spouse receive separate copies.

**Understand which services you could receive from credit counseling agencies**

The law generally requires that you receive a credit counseling briefing from an approved credit counseling agency. 11 U.S.C. § 109(h). If you are filing a joint case, both spouses must receive the briefing. With limited exceptions, you must receive it within the 180 days ***before*** you file your bankruptcy petition. This briefing is usually conducted by telephone or on the Internet.

In addition, after filing a bankruptcy case, you generally must complete a financial management instructional course before you can receive a discharge. If you are filing a joint case, both spouses must complete the course.

You can obtain the list of agencies approved to provide both the briefing and the instructional course from: http://justice.gov/ust/eo/hapcpa/ccde/cc_approved.html.

In Alabama and North Carolina, go to: http://www.uscourts.gov/FederalCourts/Bankruptcy/BankruptcyResources/ApprovedCredit AndDebtCounselors.aspx.

If you do not have access to a computer, the clerk of the bankruptcy court may be able to help you obtain the list.

B2030 (Form 2030) (12/15)

## United States Bankruptcy Court
### Northern District of Illinois

In re    **Lauren A. Wilhoite** _____    Case No. _____

_____    Chapter    **7**

Debtor(s)

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1. Pursuant to 11 U .S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

   For legal services, I have agreed to accept ............................................    $ _____**200.00**

   Prior to the filing of this statement I have received ...........................    $ _____**200.00**

   Balance Due ..............................................................................................    $ _____**0.00**

2. $ **335.00** of the filing fee has been paid.

3. The source of the compensation paid to me was:

   ■ Debtor        ☐ Other (specify):

4. The source of compensation to be paid to me is:

   ■ Debtor        ☐ Other (specify):

5. ■ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm.  A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

6. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
   b. Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
   c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
   d. [Other provisions as needed]
      **Negotiations with secured creditors for reaffirmations; exemption planning; preparation and filing of motions pursuant to 11 USC 522(f)(2)(A) for avoidance of liens on household goods.**

7. By agreement with the debtor(s), the above-disclosed fee does not include the following service:
      **Redemptions under 11 U.S.C. 722, representation of the debtors in any dischargeability actions, judicial lien avoidances, relief from stay actions, any adversary proceeding, amendments and enforcement of stay violations.**

---

### CERTIFICATION

   I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

   **April 27, 2018** _____        **/s/ Raffy A. Kaplan**
   _Date_                                                              **Raffy A. Kaplan 6275234**
                                                                        _Signature of Attorney_
                                                                        **Kaplan Bankruptcy Firm, LLC**
                                                                        **25 East Washington St**
                                                                        **Suite 1501**
                                                                        **Chicago, IL 60602**
                                                                        **(312) 294-8989  Fax: (312) 294-8995**
                                                                        **rkaplan@financialrelief.com**
                                                                        _Name of law firm_

---

**KAPLAN BANKRUPTCY FIRM, L.L.C.**

# PRE-PETITION ENGAGEMENT AGREEMENT

Lauren A. Wilhoite

(the "**Client**" or "**you**") hereby engages and retains Kaplan Bankruptcy Firm, L.L.C., a debt relief agency and law firm (the "**Law Firm**"), solely to represent the Client to: (i) evaluate the Client's financial circumstances; (ii) to explain to the Client the Client's options which may be available to the Client considering such financial circumstances including but not limited to the filing with the Clerk of the Bankruptcy Court a petition (the "**Petition**") for relief under chapter 7 or chapter 13 of Title 11 U.S.C. (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Northern District of Illinois (Client's "**Bankruptcy Case**"); (iii) if the Client after consultation with the Law Firm determines it is in the Client's best interests to file a Petition for a chapter 7 Bankruptcy Case, file said Petition on behalf of the Client, in which case the Law Firm shall not perform any additional work for the Client after filing said Petition; and (iv) if the Client after consultation with the Law Firm determines it is in the Client's best interests to file a Petition for a chapter 13 Bankruptcy Case, file said Petition and prosecute and conclude said chapter 13 Bankruptcy Case on behalf of the Client . If a Petition is filed for a chapter 7 Bankruptcy Case on behalf of the Client, and the Client thereafter chooses in the Client's sole discretion to engage the Law Firm by entering into a post-petition engagement agreement with the Law Firm ("**Post-Petition Engagement Agreement**") to prosecute the Client's chapter 7 Bankruptcy Case, the Post-Petition Engagement Agreement would provide for the Law Firm to prosecute and conclude Client's Bankruptcy Case for fees, costs and expenses incurred subsequent to the filing of the Petition all as provided in the Post-Petition Engagement Agreement; if the Client does not enter into a Post-Petition Engagement Agreement with the Law Firm in connection with Client's chapter 7 Bankruptcy Case, the Client may choose at its sole discretion to engage other legal counsel to prosecute the Client's Bankruptcy Case, represent itself on a *pro se* basis to prosecute the Client's Bankruptcy Case or abandon the Client's Bankruptcy Case, and in any such event the Client hereby agrees and acknowledges that the Client will not oppose the Law Firm from withdrawing as the Client's attorney in connection with the Client's chapter 7 Bankruptcy Case.

## Article 1.  The Law Firm's Duties

1.1 The Law Firm shall investigate and advise the Client regarding its interests. The Client understands and acknowledges to the Law Firm that the Client's Bankruptcy Case may be complex, and that the Law Firm's investigation of and work on the Client's Bankruptcy Case shall not commence until the Client signs, dates and delivers this Pre-Petition Engagement Agreement to the Law Firm. Therefore, the Client also understands and acknowledges to the Law Firm that discovery in the Client's Bankruptcy Case and/or other future events may change the Law Firm's advice regarding the Client's Interests, perhaps in a significant or material way. The Law Firm is not obligated to begin or to continue to prosecute or defend any claim that in the Law Firm's sole professional judgment is or becomes objectively or subjectively frivolous, can only be brought in bad faith, or whose continued prosecution comes to or may constitute bad faith, violates or comes to or may violate any rule or code of professional ethics, or has or comes to or may have so little chance of success on the merits that it is not reasonable to expect the Law Firm to continue to invest its time and effort to further prosecute the Client's Bankruptcy Case.

1.2 The Law Firm is specifically under no obligation to prosecute or to defend any appeal or adversary action by reason of this Pre-Petition Engagement Agreement.

## Article 2.  Fees and Expenses

2.1 **Chapter 7 Bankruptcy Case:** If the Client chooses in the Client's sole discretion after consultation with the Law Firm to file a Petition for a chapter 7 Bankruptcy Case, the Client shall pay to the Law Firm, prior to the Law Firm commencing any work on the Client's behalf, **professional fees** in the amount of **$200.00 (Client's Initials: _____)**. These professional fees **do not include court costs** payable by the Client in the amount of **$335.00**, or such other amount of court costs as shall be established under the Bankruptcy Code or rules promulgated thereunder from time to time.

2.2  **Chapter 13 Bankruptcy Case:** If the Client chooses in the Client's sole discretion after consultation with the Law Firm to file a chapter 13 Bankruptcy Case, the Law Firm's **professional fees** shall be **$4,000 (Client's Initials: _____)**, of which sum **$0.00** shall be paid prior to the Law Firm commencing any work on the Client's behalf, and the balance of which shall be paid through the Client's chapter 13 Bankruptcy Case plan. These professional fees **do not include court costs** payable by the Client in the amount of **$310.00**, or such other amount of court costs as shall be established under the Bankruptcy Code or rules promulgated thereunder from time to time.

2.3 The professional fees indicated above include consulting with the Client to discuss the Client's financial condition and possible solutions.  For a chapter 13 bankruptcy case only, the professional fees indicated above also include: (i) preparing, filing and amending the Client's bankruptcy schedules and all documents required to be filed by the Bankruptcy Code; appearing at the Client's 341 Meeting of Creditors; (ii) processing reaffirmation agreements with the Client's secured creditors; (iii) providing the sections 342(b)(1), 527 and 521 notices which are attached hereto; and (iv) and corresponding with the Trustee assigned to the case;  these chapter 13 fees expressly do <u>not</u> include any obligation on the Law Firm to prosecute or defend any and/or all contested motions and/or any and all adversary proceedings ("Additional Services"), which may arise as a result of the Client's chapter 13 Bankruptcy Case; and anything herein to the contrary, both the Law Firm and the Client will endeavor to be fair and reasonable with each other in all billing matters.

2.4 All retainers described herein, including all future retainers, are expressly agreed to be "advance payment retainers" as described in *In re: Production Associates, Ltd. 264 B.R. 180 (Bkrtcy. N.D.Ill 2001)* and *Dowling v. Chicago Options Associates, Inc., 2007 WL 128879 (Ill.)*.  The Law Firm will commingle the retainer and any future retainer immediately upon receipt with their general funds being obligated only to refund an amount equal to the unearned portion thereof, if any, promptly after the termination of the Law Firm's services. Ordinarily, Client has the option to request that the retainer be considered a "security retainer" where Client continues to have an interest in the funds, but Client recognizes and agrees that the Law Firm would not undertake the representation on that basis. The Law Firm is obligated by the *Dowling* case to advise Client of the reason they would decline to represent Client on a security retainer basis, and that reason is the Law Firm does not desire to potentially compete with the creditors of the Client on a security retainer basis.

2.5   Compensation will be paid to the Law Firm at their customary hourly rates for all Additional Services (including all para-professional staff) as they exist from time to time. The rates are currently $300 per hour for attorney's time, and $95 per hour for para-professional's time.  In addition, if for any reason the attorney-client relationship is terminated by either of the Parties, then upon such termination the Law Firm will prepare an accounting and forward the same to the Client and charge the Client on an

hourly basis for all time expended by the Law Firm up until the time of termination, including the preparation of the accounting.

2.6  All expenses incurred, and disbursements made by the Law Firm on the Client's behalf in connection with this matter will be payable by the Client in addition to the professional fees. Such expenses typically include, but are not limited to: tax transcripts, credit reports, long distance telephone calls, photocopying, messengers, and regular and electronic mail services. The foregoing list is by way of example only, and the omission of any charge, expense, or disbursement from said list is not intended as a limitation for such possible charges.  The Law Firm will generally bill the Client for such costs once a month unless the costs incurred are so insignificant as not to justify a billing. In the case of any cost the Law Firm deem exceptional in their sole discretion, the Law Firm may request payment in advance or payment directly from the Client to the provider.

2.7 If the Client specifically objects in writing to any charge appearing on any bill rendered by the Law Firm, the Client will pay within one month of the date of any bill any and all charges to which the Client does not specifically object in writing. The Law Firm is always willing to discuss its charges with the Client, but the Client agrees that any fee or expense in regard to which the Client does not object in writing to the Law Firm within one month of the date thereof shall constitute an "account stated" and the Client shall no longer be entitled to dispute the same.  The reason for setting this deadline is to keep any objections (and the memories that underlie them for all the Parties) from becoming stale, and to encourage the Client to bring any billing controversies to the Law Firm's attention as soon as possible to foster a speedy resolution thereof.

2.8  The Client hereby acknowledges that the Chapter 13 Trustee may, at its sole discretion, request the turnover of Client's post-petition tax returns and tax refunds each year the case is active.  The Client acknowledges that the entire amount of the yearly tax refunds may be payable to the Trustee *in addition* to the minimum amount proposed to repay creditors in Client's confirmed Chapter 13 Plan.

### Article 3.  The Law Firm's Authority To Act

3.1 In matters of professional responsibility, the Law Firm shall act in their own discretion as they deem proper under the applicable rules of court and the Illinois Code of Professional Responsibility and the Rules of any Court in

which the case is prosecuted, and without any direction from the Client.

3.2 The Client recognizes that the Law Firm possesses special skills and training in legal matters which the Client does not possess or are beyond the Client's knowledge and skill. Accordingly, where and to the extent appropriate, the Law Firm shall take direction from the Client upon the Client's written demand but only where and to the extent the same do not impinge upon the Law Firm's professional responsibilities and legal judgment, or where a full consultation with the Client regarding the same is not practical given relevant circumstances and/or timing.

3.3 Nothing herein shall be construed to limit the Law Firm's responsibilities under the Illinois Code of Professional Responsibility, but it is the Parties' desire that the provisions hereof be interpreted to the greatest extent possible to conform to said Illinois Code of Professional Responsibility.

### Article 4.  Contract Construction

4.1 This Pre-Petition Engagement Agreement shall be construed under a rule of reasonableness at the time it was entered, examining any provision thereof with a mind that the Parties hereto were acting in good faith and without oppression, attempting to reach a fair and equitable means on which the Law Firm could pursue the Client's Interests for the Client

4.2 This Pre-Petition Engagement Agreement shall be construed according to the laws of the State of Illinois and the Parties agree to submit to the jurisdiction of any State Court in the Circuit Court of Cook County.

4.3 Subject to any rule, procedure or court order that is adopted by the courts in this jurisdiction which are expressly incorporated by reference into this Pre-Petition Engagement Agreement and made a part hereof, the Parties acknowledge that this Pre-Petition Engagement Agreement embodies the full understanding of the Parties hereto and is a fully integrated agreement that may only be altered or amended by a writing signed by both Parties.

### Article 5.  Legal Advice Regarding This Pre-Petition Engagement Agreement

5.1 The Law Firm is not representing the Client regarding the Client entering into this Pre-Petition Engagement Agreement, nor is the Law Firm rendering any legal advice

to the Client regarding the same. The Client acknowledges that the Law Firm has recommended to and advised the Client that the Client should retain the Client's own independent legal advice from legal counsel other than the Law Firm regarding the Clients entering into this Pre-Petition Engagement Agreement with the Law Firm, and that the Client has indeed obtained such independent legal advice or has knowingly waived the Client's right, and the Firm's advice to the Client, to obtain such independent advice from legal counsel other than the Firm.

### Article 6.  General; Client Disclosures

6.1 Either party may terminate Client's engagement of the Law Firm but only by giving written notice to the other party at the designated or last known address of the party receiving such termination notice, subject in the case of the Firm terminating engagement to the Firm's compliance with any applicable rules or codes of professional ethics and responsibilities.

6.2 In addition to paying the Firm's fees and all other costs set forth in the Pre-Petition Engagement Agreement, the Client also agrees: to carry out all of the Client's obligations pursuant to section 521 of the Bankruptcy Code; to provide the Law Firm full, honest and accurate disclosures of all the Client's assets, liabilities and financial information; to notify the Law Firm of any change or anticipated change in the Client's circumstances; and to comply with applicable law.

6.3 Disclosure Pursuant to 11 U.S.C. &527(a)(2).

   a)  All information that you are required to provide with a petition and thereafter during a case under the Bankruptcy Code is required to be complete, accurate, and truthful.   This is solely your responsibility.

   b)  All assets and all liabilities are required to be completely and accurately disclosed in the documents filed to commence the case.  The Bankruptcy Code requires that you list the replacement value of each asset.  This must be the replacement value of the property at the date of filing the petition, without deducting for costs of sale or marketing, established after a reasonable inquiry.  For property acquired for personal, family or household use, replacement value means the price a retail merchant would charge for property of that kind, considering the age and condition of the property.  This is solely your responsibility.

c) The following information, which appears on Official Form 22, Statement of Current Monthly Income is required to be stated after the reasonable inquiry: current monthly income, the amounts specified in section 707(b)(2), and, in a case under chapter 13 of the Bankruptcy Code, disposable income (determined in accordance with section 707(b)(2). This is solely your responsibility.

d) Information that you provide during your case may be audited pursuant to provisions of the Bankruptcy Code. Failure to provide such information may result in dismissal of the case under this title or other sanction, including criminal sanctions. This is solely your responsibility.

e) By signing below, you acknowledge that the Law Firm has fully explained your obligations set forth above to you, you have had the opportunity to ask the Law Firm questions and receive answers about such obligations and you fully understand your obligations set forth above.

### Article 7.  Required Disclosures

7.1 Under the bankruptcy laws, the Client is required to take a Credit Counseling Course prior to the filing of the Client's bankruptcy petition and a Financial Management Course prior to the discharge of the Client's bankruptcy.  If the Client fails to complete these courses the Client's bankruptcy discharge will be denied.

7.2 Section 527 of the Bankruptcy Code requires a debt relief agency to provide an assisted person with the following: A copy of the notice prepared by the clerk of the Bankruptcy Court, in accordance with the requirements of § 342(b), which the Client has been shown at the Client's initial consultation and which contains a brief description of Chapters 7, 11, 12, and 13 and the general purpose, benefits, and costs of proceeding under each of those chapters; and the types of services available from credit counseling agencies;   specifying that a person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury in connection with a case under this title shall be subject to fine, imprisonment, or both; and that all information supplied by a debtor in connection with a case under this title is subject to examination by the Attorney General.

7.3 All information that the assisted person is required to provide with a petition and thereafter during a case under

this title is required to be complete, accurate, and truthful; all assets and all liabilities are required to be completely and accurately disclosed in the documents filed to commence the case, and the replacement value of each asset as defined in § 506 must be stated in those documents where requested after reasonable inquiry to establish such value; current monthly income, the amounts specified in section 707(b)(2), and, in a case under Chapter 13 of this title, disposable income (determined in accordance with § 707(b)(2)) are required to be stated after reasonable inquiry; and information that an assisted person provides during his or her case may be audited pursuant to this title, and failure to provide such information may result in dismissal of the case under this title or other sanction, including a criminal sanction.

7.4 If you decide to seek bankruptcy relief, you can represent yourself, you can hire an attorney to represent you, or you can get help in some localities from a bankruptcy petition preparer who is not an attorney. The law requires an attorney or bankruptcy petition preparer to give you a written contract specifying what the attorney or bankruptcy petition preparer will do for you and how much it will cost. Obtain a copy of and carefully review the contract before you hire anyone.  The following information explains what must be done in a routine bankruptcy case to help you evaluate how much service you need. Before filing a bankruptcy case, either you or your attorney should analyze your eligibility for different forms of debt relief available under the Bankruptcy Code and decide which form of relief is most likely to be beneficial for you. Be sure you understand the relief you can obtain and its limitations. To file a bankruptcy case, documents must be prepared correctly and filed with the bankruptcy court. You will have to pay a filing fee to the bankruptcy court. Once your case starts, you must attend the required first meeting of creditors, where you may be questioned by a court official called a "trustee" and by creditors.  If you choose to file a Chapter 7 case, you may be asked by a creditor to reaffirm a debt. You may want help deciding whether to do so. A creditor is not permitted to coerce you into reaffirming your debts. If you choose to file a Chapter 13 case, in which you repay your creditors what you can afford over 3 to 5 years, you may also want help preparing your Chapter 13 plan and with the confirmation hearing on your plan, which will be before a bankruptcy judge. If you select another type of relief under the Bankruptcy Code other than Chapter 7 or Chapter 13, you should consult someone familiar with that type of relief. Your bankruptcy case may also involve litigation. You are generally permitted to represent yourself in litigation in bankruptcy court, but only lawyers, not

bankruptcy petition preparers, can give you legal advice in that regard.

7.5 You must accurately disclose your average monthly income and expenses. To compile your income refer to recent paystubs accounting for all income. Review your monthly expenditures and make your best estimate on cash expenditures. If you are required to pass a "means test" because of your income, your estimated monthly expenses will be based upon IRS allowances based on the area in which you live. If your expenses exceed the allotted amounts, you may need to make adjustments accordingly. When you value your property, consider the prices for housing in your area, in newspapers for automobiles, and what you would pay for furniture and clothes at stores selling such goods. If you have an item of unique or special value, an appraisal may be necessary. When listing creditors, base information concerning the creditor on the most current bill or invoice. Some of your property is exempt and may be retained according to the exemptions that the Law Firm has reviewed at your consultation. If a creditor has a lien on exempt property, the lien may be avoidable, or you may have to pay to keep the property.

AGREED AND ACKNOWLEDGED BY CLIENT:

DEBTOR:

Name: Lauren A. Wilhoite

Date: 04/27/2018

JOINT DEBTOR:

Print Name: _____

Date: _____

All Kids and Familycare
P.O. Box 19121
Springfield, IL 62794-9121

ARS National Services
P.O. Box 469046
Escondido, CA 92046-9046

Bank of America
P.O. Box 982238
El Paso, TX 79996-2235

Capital One
P.O. Box 30281
Salt Lake City, UT 84130-0281

Capital One Auto Finance
c/o CB Disputes
P.O. Box 259407
Plano, TX 75025

Capital One Auto Finance
7933 Preston Road
Plano, TX 75024

Chicago Heights Police
1601 Halsted Street
Chicago Heights, IL 60411-3524

City of Chicago
Central Hearing Facility
400 W. Superior, Room 110
Chicago, IL

City of Chicago
Department of Law
P.O. Box 71429
Chicago, IL 60694-1429

City of Chicago Dept. of Finance
Administrative Hearings Collections
121 N. LaSalle, Room 107A
Chicago, IL 60602

City of Chicago Dept. of Revenue*
Bankruptcy Department
121 N. LaSalle, Rm 107A
Chicago, IL 60604


City of Chicago Dept. of Revenue*
c/o Arnold Scott Harris PC
222 Merchandise Mart Pz, #1932
Chicago, IL 60654


City of Chicago Dept. of Revenue*
c/o Linebarger Goggan Blair & Samps
P.O. Box 06152
Chicago, IL 60606-0152


Comcast Cable Communications
c/o Enhanced Recovery
P.O. Box 57547
Jacksonville, FL 32241


Credit Acceptance
c/o Shindler & Joyce
1990 East Algonquin, Ste. 180
Schaumburg, IL 60173


Dept. of Ed/Navient
123 Justison Street
3rd Floor
Wilmington, DE 19801


Directv
c/o Sequium Asset Solutions, LLC
1130 Northchase Parkway, Ste. 150
Marietta, GA 30067


Disney Movie Club
P.O. Box 758
Neenah, WI 54957-0758


DMV
17 N. State St.
10th Floor
Chicago, IL 60602

EMP of Cook County, LLC
c/o Phoenix Financial Services
P.O. Box 361450
Indianapolis, IN 46236-1450


EMP of Cook County, LLC
c/o Escallate, LLC
5200 Stoneham Rd., Ste. 200
North Canton, OH 44720


EMP of Cook County, LLC
Attn: 18897Y
P.O. Box 14000
Belfast, ME 04915-4033


Franciscan Alliance
28044 Network Place
Chicago, IL 60673-1280


Franciscan Alliance
P.O. Box 3475
Toledo, OH 43607-0475


Franciscan Alliance
28044 Network Place
Chicago, IL 60673-1280


Franciscan Alliance
P.O. Box 3475
Toledo, OH 43607-0475


GM Financial
P.O. Box 181145
Arlington, TX 76096


Harris & Harris*
111 W. Jackson Blvd, Ste. 400
Chicago, IL 60604


Harris & Harris, Ltd
111 West Jackson Blvd.
Ste. 400
Chicago, IL 60604-4135

Imaging Associates of Indiana
75 Remittance Drive
Dept. 3093
Chicago, IL 60675-3093


Law Offices of Talan & Ktsanes
223 West Jackson Blvd.
Ste. 512
Chicago, IL 60606


Linebarger, Goggan Blair & Sampson
233 S Wacker Dr # 4030
Chicago, IL 60606


Pathology Consultants
PO Box 30309
Charleston, SC 29417


Risecso
4150 International
Ste. 300
Fort Worth, TX 76109


Secretary of State
2701 S. Dirksen Parkway
Springfield, IL 62723


Syncb/Old Navy
P.O. Box 965005
Orlando, FL 32896-5005


Xpect Towing
19649 South Halsted
Chicago Heights, IL 60411